UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPREME POWER CAPITAL MANAGEMENT LTD.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 25-cv-9505 |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("the Commission") files this Complaint against Defendant Supreme Power Capital Management Ltd. ("Supreme Power") and alleges as follows:

## SUMMARY

1. This case concerns material misrepresentations and statements that could not be substantiated made by Supreme Power, a purported investment adviser, in a form filed with the Commission and made available to the public on December 12, 2023, about Supreme Power's organization, office location, assets under management, and clients.

2. Specifically, Supreme Power represented in its Form ADV (a form used by investment advisers to register with both the Commission and state securities regulators) that it is a public company operating out of office space on the 66th floor of One World Trade Center, New York, New York 10007 ("One WTC"); that David Smith serves as both its Chief Executive Officer ("CEO") and Chief Operating Officer ("COO"); that it manages $10 million in assets in the United States; that it advises a private fund (with the same name as the

defendant: Supreme Power Capital Management Ltd.); and that a separate registered investment adviser ("RIA") reports information about this private fund to the Commission on its own Form ADV.

3. Contrary to Supreme Power's representations, the current real estate manager of One WTC has no knowledge of Supreme Power or its purported CEO/COO, and the separate RIA has not reported information about the purported private fund. Moreover, the Commission has not found any reporting of information about the private fund on other filings made with the Commission, and a search of the Commission's public company database yields no information on Supreme Power.

4. In addition, Supreme Power failed to respond to a request by Commission attorneys to provide records to substantiate the information on the Form ADV, including the amount of private fund assets under management in the United States.

5. By engaging in the conduct described in this Complaint, Supreme Power violated, and unless enjoined will continue to violate, Sections 204(a) and 207 of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-4(a), 80b-7].

**NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT**

6. The Commission brings this action under enforcement authority conferred by Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-9(e)].

7. The Commission seeks a final judgment: (a) permanently enjoining Supreme Power from violating the federal securities laws this Complaint alleges it has violated; (b) permanently enjoining Supreme Power, its owners, and its executive officers, from filing a Form ADV as an exempt reporting adviser; (c) ordering Supreme Power to pay a civil money penalty under Section 209(e) of the Advisers Act [15 U.S.C. § 80b-209(e)]; and (d) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action under Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

9.  Defendant, directly or indirectly, made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and course of business alleged.

10. Venue is proper in the Southern District of New York under Section 214 of the Advisers Act [15 U.S.C. § 80b-14]. Certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District. Specifically, Supreme Power represented on corporate filings with both the Commission and the New York Department of State, Division of Corporations, that its primary business address is One WTC, which is located in the District.

## DEFENDANT

11. **Supreme Power Capital Management Ltd**. claims that it is a New York corporation with a principal place of business at One WTC. On December 5, 2023, Supreme Power filed a certificate of incorporation with the New York Department of State, Division of Corporations, in which it used the name "David Smith" as the filer and incorporator, and listed One WTC as Smith's address. The certificate of incorporation designated the Secretary of State of New York as the agent of the corporation upon whom process may be served.

## FACTS

**I.    Investment Adviser Registration and Commission Form ADV**

12. The Commission regulates investment advisers, primarily under the Advisers Act and the rules adopted under that statute. One of the central elements of the regulatory program is the requirement that an "investment adviser" under the Advisers Act register with the Commission, unless exempt or prohibited from registration. Generally, only larger advisers that

3

have $100 million or more of regulatory assets under management, or that provide advice to investment company clients, are permitted to register with the Commission. Smaller advisers register under state law with state securities authorities.

13. Exempt reporting advisers ("ERAs") are a category of investment advisers who would otherwise be required to register with the Commission under the Advisers Act but for the specific exemptions outlined in Section 203 of the Advisers Act. ERAs include an adviser to private funds with less than $150 million in assets under management in the United States. The registration exemption for such private fund advisers is Section 203(m) of the Advisers Act and Rule 203(m)-1 thereunder.

14. While ERAs are exempt from the registration requirements, any books or records they do maintain are subject to examination by the Commission under Section 204(a) of the Advisers Act.

15. Form ADV is the form used by investment advisers to register with the Commission and with state securities authorities. It consists of two parts, both of which are required to be filed with the Commission, and both of which are publicly available once filed: Form ADV Part 1 and Form ADV Part 2.

16. ERAs, while exempt from registration, are still required to file certain items in Form ADV Part 1. ERAs do not complete Part 2.

17. Part 1 asks for information about, among other things, an adviser's business, amount of assets under management, ownership, and clients.

18. Form ADV is filed electronically with the Commission through the Investment Adviser Registration Depository ("IARD"), a secure Internet based filing system that collects and maintains the registration, reporting, and disclosure information for investment advisers. The Financial Industry Regulatory Authority ("FINRA"), under contract with the Commission, is the developer and operator of the IARD system. Once filed, the Form ADV is available to the

public through the Commission's Investment Adviser Public Disclosure database, located at https://adviserinfo.sec.gov.

## II. Supreme Power Made Material Misstatements and Statements in its Form ADV Filed with the Commission That Could Not Be Substantiated.

19. On December 12, 2023, Supreme Power filed its Form ADV with the Commission as an ERA. In that filing, Supreme Power claims that it qualifies for a registration exemption because it acts solely as an adviser to private funds and has assets under management in the United States of less than $150 million.

20. In the Form ADV, Supreme Power lists the 66th floor of One WTC as its principal office and place of business, and states that David Smith serves as both its CEO and COO. Supreme Power also provides a telephone number with a (210) area code as the main number for its New York office, even though (210) is the area code for San Antonio, Texas.

21. In the Form ADV section titled "Direct Owners and Executive Officers," Supreme Power identifies its "Executive Officers" and its direct owner as itself (that is, Supreme Power Capital Management Ltd.). Supreme Power also (i) states that it is a public reporting company (often referred to as a "public company"), meaning that it must file certain disclosure reports, including annual, quarterly, and current reports, with the Commission on an ongoing basis, and (ii) provides three Central Index Key ("CIK") numbers, which are numbers that the Commission assigns to a public reporting company and that can be searched on the Commission's computer systems to identify corporations and individuals required to file disclosure information.

22. The Form ADV represents that the amount of Supreme Power's private fund assets under management in the United States is $10 million.

23. In addition, the Form ADV represents that Supreme Power advises a private fund, also named "Supreme Power Capital Management Ltd.," and lists a private fund

identification number. The private fund identification number is a unique identification number assigned to a private fund.

24. Supreme Power further states in its Form ADV that a separate RIA "provides information" about Supreme Power's private fund on its own Form ADV filing.

25. Contrary to Supreme Power's representations in the Form ADV:

    a. the individual who has served as the "Senior Vice President of Business & Strategic Partnership" for the office building located at One WTC for the last 13 years stated that no entity named Supreme Power has been affiliated with that building, including as tenant, subtenant, or otherwise, and that he is aware of no individual by the name of David Smith that has served as the CEO or COO of any entity named Supreme Power;

    b. the third-party RIA has not reported the Supreme Power private fund on its Form ADV filings. Further, the Commission has not found reporting of the private fund or the associated identification number on other filings; and

    c. a search for either Supreme Power or its purported CIK numbers on the Commission's public reporting company database yields no information.

**III.  Supreme Power Failed to Produce Records for Examination.**

26. Section 204(a) of the Advisers Act provides that all records of investment advisers are "subject at any time, or from time to time, to such reasonable periodic, special, or other examinations by representatives of the Commission as the Commission deems necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 80b-4(a).

27. Although ERAs are exempt from the registration requirements, any books and records they do maintain are subject to examination under Section 204(a).

28. Since November 13, 2024, Commission attorneys have attempted to obtain books and records from Supreme Power that it is required to produce under the Advisers Act.

29. On November 13, 2024 and December 4, 2024, a Commission attorney emailed Supreme Power a letter requesting production of books and records regarding the information on the Form ADV, including its organizational information and the private fund assets under management in the United States. Although the Form ADV itself does not contain an email address for Supreme Power, the Commission attorney used email addresses that Supreme Power provided to (i) FINRA in connection with the Form ADV filing process and (ii) the New York Department of State in connection with filing its incorporation documents.

30. On November 21, 2024, Commission attorneys called telephone numbers that Supreme Power provided on the Form ADV and to FINRA in connection with the Form ADV filing process. The calls went to busy tones unanswered.

31. On April 15, 2025, a Commission attorney again emailed Supreme Power at the same addresses that Supreme Power provided to FINRA and the New York Department of State. To date, Supreme Power has not responded to any emails.

32. In sum, the Form ADV materially misrepresented information about Supreme Power's primary business location, status as a public reporting company, and reporting of private fund clients; and it provided information about its CEO/COO and the amount of private fund assets under management in the United States that (1) could not be substantiated, (2) Supreme Power failed to provide information about when requested, and (3) is likely false. Further, Supreme Power failed to respond to Commission requests to produce books and records subject to examination.

33. Given the above facts, a reasonable investor would have considered it important in making their decision to invest with Supreme Power to know complete and accurate information about its organizational structure and management personnel, office location, amount of assets under management in the United States, and private fund clients.

## FIRST CLAIM FOR RELIEF
### Violation of Advisers Act Section 204(a)

34. The Commission realleges and incorporates by reference here the allegations in paragraphs 1 through 33.

35. Supreme Power failed to make its books and records available to Commission attorneys for examination.

36. By reason of the foregoing, Supreme Power has violated and, unless enjoined, will again violate Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)].

## SECOND CLAIM FOR RELIEF
### Violation of Advisers Act Section 207

37. The Commission realleges and incorporates by reference here the allegations in paragraphs 1 through 33.

38. Supreme Power, by use of the mails, and the means and instruments of interstate commerce, directly and indirectly, willfully made untrue statements of material fact in, and omitted to state material facts required to be stated in, reports filed with the Commission.

39. By reason of the foregoing, Supreme Power, directly or indirectly, has violated and, unless enjoined, will again violate Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court enter a Final Judgment:

**I.**

Permanently restraining and enjoining Supreme Power and its agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Sections 204(a) and 207 of the Advisers Act [15 U.S.C. §§ 80b-4(a); 80b-7].

**II.**

Permanently restraining and enjoining Supreme Power, its owners, and its executive officers, from filing a Form ADV as an ERA.

**III.**

Ordering Supreme Power to pay a civil monetary penalty under Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

**IV.**

Granting any other and further relief this Court may deem just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that this case be tried to a jury.

Dated: November 13, 2025          Respectfully submitted,

*/s/ Amy Harman Burkart*
Amy Harman Burkart (Attorney Bar Code No. 4090262)
*David H. London (Mass. Bar No. 638789)
*Alexandra Lavin (Mass. Bar No. 687785)
*Xinyue Angela Lin (Mass. Bar No. 672786)
*Sarah McAteer (Mass. Bar No. 706403)
*Dahlia Rin (Mass. Bar No. 674137)
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
Phone: 617-573-8997 (London)
Email: LondonD@sec.gov

*Not admitted in the S.D.N.Y.